IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICK E. SMITH                                              PLAINTIFF

          v.              Civil No. 06-6077

DANIEL WRIGHT                                             DEFENDANT

O R D E R

Now on this 23d day of August, 2007, comes on for consideration plaintiff's **Motion To Dismiss** (document #7), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   In his motion, plaintiff recites the brief history of this case, which was initially filed in the Circuit Court of Garland County, Arkansas, on October 12, 2006, and removed to this Court on December 14, 2006, and contends that removal was improper and the case should be remanded because there is no diversity of citizenship; the sum in controversy is less than $75,000; and the Notice Of Removal was not timely filed.

Plaintiff also moves for dismissal for lack of prosecution, stating that defendant failed to make his required initial disclosures and failed to participate in the Scheduling Conference.

2.   Removability is governed by **28 U.S.C. §1441**, which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant . . . ."

The party seeking removal, or opposing remand, has the burden of establishing the existence of federal subject matter jurisdiction, and any doubts about the existence of such jurisdiction must be resolved in favor of remand. **In re Business Men's Assurance Co. of America**, **992 F.2d 181, 183 (8th Cir. 1993)**.

3. Defendant removed on the basis of diversity of citizenship. That basis for district court jurisdiction is governed by **28 U.S.C. §1332**, which provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states. . . ."

It is undisputed that plaintiff is a citizen of Arkansas. Defendant, in his Answer, Counterclaim & Cross-Claim, filed December 1, 2006, stated that he was "domiciled in Dallas, County of Dallas, State of Texas." He did not, however, use a Texas mailing address when he signed that document. He indicated that his address was 204 Winans Avenue, Hot Springs, Arkansas, and listed an Arkansas telephone number.

Attached to the Answer, Counterclaim & Cross-Claim are three exhibits. Two of the three show Hot Springs, Arkansas, as defendant's address. None gives any evidence that defendant lives in Texas.

While defendant's Notice Of Removal states that he is a "resident citizen of the State of Texas," the document does not include any Texas mailing address or telephone number. The mailing address given is P.O. Box 546, Little Rock, Arkansas, and the telephone number is an Arkansas number.

Plaintiff offers copies of pleadings filed by defendant in several other cases. On April 19, 2006, defendant filed a complaint in the Circuit Court of Garland County, Arkansas, in which he alleged that he was a resident of Hot Springs, Arkansas. The address which accompanied his signature on that document was 204 Winans Avenue, Hot Springs, Arkansas, and the telephone number was an Arkansas exchange.

On February 8, 2007, defendant filed a Bankruptcy Petition[1] in which he alleged that he resided at 206 Winans, Hot Springs, Arkansas. The docket for that case shows defendant's address as P.O. Box 546, Little Rock, Arkansas. The Schedules show the only real property owned by defendant as a "residence" located at 206 Winans, Hot Springs, Arkansas, and that he had moved to that address within the three years preceding his filing, from the address of 204 Winans, Hot Springs, Arkansas. The Schedules also show that defendant had been employed for six months preceding filing by Southwestern Mortgage at the location of 206 Winans, Hot Springs, Arkansas.

---

[1]This case was not administratively terminated when defendant filed his Bankruptcy Petition because he failed to give the Court was notice of his filing.

-3-

The foregoing documentary evidence persuades the Court that defendant was not, at any time relevant to the removal of this case, a resident of Texas.  There is not one shred of evidence, other than defendant's bare assertion of the matter, that when he filed his Notice of Removal he resided or was domiciled in Texas. Indeed, all the evidence is to the contrary.  The Court, therefore, finds that the matter should be remanded, and that it need not consider plaintiff's other arguments in support of remand.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Dismiss** (document #7) is **granted**, and this matter is **remanded** to the Circuit Court of Garland County, Arkansas.

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**